IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TELARRIAN BURNEY**                                                                 **PLAINTIFF**

v.                                         **CASE NO. 4:15CV00632 BSM**

**UNIVERSITY of ARKANSAS for
MEDICAL SCIENCES by and through
the BOARD OF TRUSTEES of the
UNIVERSITY OF ARKANSAS, et al.**                                      **DEFENDANTS**

## ORDER

Defendants' motion to dismiss amended complaint [Doc. No. 19] is granted as to plaintiff Telarrian Burney's: (1) section 1983 claims against the University of Arkansas Board of Trustees; (2) section 1983 official-capacity claims for monetary damages against the board members; (3) due process claims; and (4) false light claim against Blythe Kweekul. The motion is denied on the remaining claims.

## I.   BACKGROUND

Viewed in the light most favorable to Burney, the factual allegations are as follows. Burney is a black man who was employed by the University of Arkansas for Medical Sciences ("UAMS") until February 26, 2014. Am. Compl. ¶¶ 3, 14, Ex. A, Doc. No. 7. Burney performed his job to UAMS's satisfaction. *Id.* ¶ 4. UAMS's employees, including Kweekul, subjected Burney to physical intimidation and verbal abuse because of his race and sex. *Id.* ¶¶ 8, 9, 15. Kweekul also falsely reported to John Stansbury, a UAMS director, that Burney aggressively behaved toward her. *Id.* ¶¶ 14, 16. Kweekul attempted to recruit other employees to support this false report. *Id.* Stansbury fired Burney when Burney attempted

to protest the racial and sexual discrimination. *Id.* ¶ 10. At the time he fired Burney, Stansbury knew Kweekul's statements were false. *Id.* Further, Stansbury refused to meet with the witness Burney attempted to produce to rebut Kweekul's false statements. *Id.* ¶ 17.

When Stansbury fired Burney on February 26, 2014, he stated that Burney was being terminated based on a police report that showed that Burney behaved aggressively toward Kweekul. *Id.* ¶¶ 11, 12. Stansbury, however, knew that such a police report did not exist. *Id.* ¶ 13. Moreover, similarly situated females and white employees had committed similar or more serious actions to those committed by Burney but were not terminated. *Id.* ¶ 24, 25. On March 6, 2014, Stansbury denied Burney's request to clear his name pursuant to UAMS Policy 4.4.16. *Id.* ¶ 21.

Burney filed this lawsuit against UAMS through the board of trustees of the University of Arkansas ("the board") and the individual board members in their official capacities, alleging discrimination and retaliation under Title VII and 42 U.S.C. section 1983, and violations of procedural due process under section 1983. Burney also asserts state law claims for slander and false light against Kweekul. Defendants move to dismiss.

## II.   LEGAL STANDARD

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). Dismissal may also occur under Rule 12(b)(1) when there is a lack of subject matter jurisdiction.

### III.   DISCUSSION

UAMS is not a proper defendant because it is merely a department of the University of Arkansas. *See Warner v. Arkansas*, No. 4:09CV 00091 JLH/JTR, 2009 WL 963590, at *2 (E.D. Ark. Apr. 8, 2009). Therefore, based on the case caption, it is presumed that the board is the actual defendant.

A.   Board's Immunity from Section 1983 Claims

Dismissal is granted on Burney's section 1983 claims against the board because the Eleventh Amendment bars section 1983 claims against states and state agencies for any kind of relief, monetary or injunctive. *See Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997); *Drye v. Univ. of Arkansas for Med. Scis.*, No. 4:09CV00922 JLH, 2011 WL 30097, at *1 (E.D. Ark. Jan. 4, 2011) (holding that the University of Arkansas and its board of trustees are immune from section 1983 lawsuits).

B.   Board Members' Immunity from Section 1983

*1.   Claims for Monetary Damages*

Dismissal is granted on Burney's section 1983 official-capacity claims for monetary

damages, including punitive damages, against the board members because they are immune from such claims. *See Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 447 (8th Cir. 1995) (holding that the Eleventh Amendment bars lawsuits for money damages against state officials in their official capacities).

### 2. Claims for Prospective Injunctive Relief

The board members may be sued in their official capacities for prospective injunctive relief such as reinstatement. *See Murphy*, 127 F.3d at 754; *Fond du Lac Band of Chippewa Indians v. Carlson*, 68 F.3d 253, 255 (8th Cir. 1995). To succeed on his section 1983 official-capacity claims, Burney must show that (1) his constitutional rights were violated, and (2) UAMS's policy or custom played a part in the violation. *See Kentucky v. Graham*, 473 U.S. 159, 166, (1985).

"Although rare, a public official's single incident of unconstitutional activity can establish the requisite policy if the decision is taken by the highest officials responsible for setting policy in that area of the government's business." *Crawford v. Van Buren Cty., Ark.*, 678 F.3d 666, 669 (8th Cir. 2012). Burney's asserts that Stansbury, a director at UAMS, terminated him for offenses for which Stansbury had not terminated white or female employees. Moreover, Burney asserts that Stansbury denied him a hearing to clear his name. While Burney does not explicitly state that Stansbury is the highest official responsible for setting policy, that inference could reasonably be drawn at this stage. The only remaining issues are whether Burney sufficiently states discrimination, First Amendment retaliation,

4

and due process claims under section 1983.

    C.    <u>Title VII and Section 1983 Official-Capacity Claims</u>

The board's motion to dismiss these claims is denied because Burney sufficiently states discrimination and retaliation claims under Rule 12(b)(6). Neither the board nor the board members are immune from Burney's Title VII claims. *See Okruhlik v. Univ. of Arkansas ex rel. May*, 255 F.3d 615 (8th Cir. 2001) (in Title VII, congress validly abrogated the states' Eleventh Amendment immunity for claims of disparate treatment and impact on the basis of sex and race). Burney's Title VII and section 1983 claims will be analyzed concurrently. *See Tyler v. Univ. of Arkansas Bd. of Trustees*, 628 F.3d 980, 986 (8th Cir. 2011) (discrimination and retaliation claims are analyzed similarly in both Title VII and section 1983).

To survive a motion to dismiss in the employment discrimination context, Burney need not plead facts establishing a prima facie case under the applicable *McDonnell Douglas* framework. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511–12, 515 (2002). Burney's complaint must contain only short and plain statements of his claims showing he is entitled to relief. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013). Such statements must simply give the board fair notice of what Burney's claims are and the grounds upon which they rest. *Swierkiewicz*, 534 U.S. at 512. "The issue is not whether Burney will ultimately prevail but whether [he] is entitled to offer evidence to support [his] claims." *Id.* at 511 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

*1. Discrimination Claims*

Burney is a black man who alleges that UAMS terminated him by misrepresenting the existence of a police report stating he behaved aggressively towards a coworker named Kweekul. Burney further alleges that UAMS's white employees and female employees have committed similar, or more serious offenses, but were not terminated. These allegations are sufficient to state a claim of discrimination and to give the board fair notice of Burney's discrimination claims and the grounds upon which they rest. Accordingly, Burney is entitled to offer evidence to support these claims.

*2.   Retaliation Claims*

Burney alleges that UAMS's employees, including Kweekul, physically intimidated and verbally abused him because he is a black man. He further alleges that UAMS discriminated against him by not acting to correct these actions. Finally, Burney alleges that Stansbury terminated Burney's employment because he spoke out in protest of these discriminatory actions. These allegations are sufficient to give the board fair notice of Burney's retaliation claim and the grounds upon which they rest.

D.   Procedural Due Process Claim

The motion to dismiss Burney's due process claims is granted because Burney has failed to sufficiently allege that he was deprived of a property or liberty interest. To set forth a procedural due process violation, Burney must (1) establish that his protected liberty or property interest is at stake; and (2) prove that UAMS deprived him of such an interest

without due process of law.  *Gordon v. Hansen*, 168 F.3d 1109, 1114 (8th Cir. 1999).

The discharge of an employee from an at-will position does not deprive him of a property interest protected by the Fourteenth Amendment.  *Bishop v. Wood*, 426 U.S. 341, 344–45, 347 (1976); *Floyd-Gimon v. Univ. of Arkansas for Med. Scis. ex rel. Bd. of Trustees of Univ. of Arkansas*, 716 F.3d 1141, 1146 (8th Cir. 2013) (to have a property interest in employment, an employee must have a property right in continued employment under state law).  Burney's complaint does not allege any facts showing that he had a continued expectation in his employment at UAMS.  In that UAMS is an at-will employer, Burney did not have any property interest in his position.  *See Drye v. Univ. of Arkansas for Med. Scis. ex rel. Univ. of Arkansas Bd. of Trustees*, No. 4:09CV00922 JLH, 2011 WL 4434232, at *4 (E.D. Ark. Sept. 23, 2011), *aff'd*, *Drye v. Univ. of Arkansas for Med. Scis.*, 469 F. App'x 495 (8th Cir. 2012) ("[e]mployment with the University of Arkansas System is governed by an *Employment-at-Will doctrine*," and staff employees may be terminated at any time....").

Additionally, a public employee is not deprived of a liberty interest if he is discharged from a position that is terminable at the will of the employer when there is no public disclosure of the reasons for the discharge.  *Bishop*, 426 U.S. at 348.  Burney does not allege that UAMS's reasons for terminating him were ever made public.

E. State Law Claims

Whether Kweekul is immune from Burney's individual capacity state law claims cannot properly be assessed at this early stage because it is unclear whether Kweekul's

7

actions were within the scope of her employment. *See Simons v. Marshall*, 255 S.W.3d 838, 842 (Ark. 2007) (state employees may be immune from civil liability and suit pursuant to Ark. Code Ann. § 19-10-305 for non-malicious acts occurring within the course and scope of their employment). Accordingly, only the merits of Burney's state law claims will be assessed at this stage.

### 1. Slander

The motion to dismiss Burney's slander claim is denied. To support his slander claim, Burney must prove "(1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to him; (3) publication of the statement by Kweekul to a third party; (4) Kweekul's fault in the publication; (5) the statement's falsity; and (6) damages. *Brown v. Tucker*, 954 S.W.2d 262, 265 (Ark. 1997). Burney alleges Kweekul falsely told Stansbury that Burney aggressively behaved toward her and as a result of such false statement, Burney was terminated. These allegations sufficiently state a slander claim.

### 2. False Light

The motion to dismiss Burney's false light claim is granted. To prevail on this claim, Burney must prove that (1) he has sustained damages; (2) Kweekul gave publicity to a matter concerning Burney that placed him before the public in a false light; (3) the false light in which Burney was placed would be highly offensive to a reasonable person; (4) Kweekul had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Burney would be placed; (5) Kweekul had serious doubts as to the truth

of the matter publicized; and (6) Burney's damages were proximately caused by Kweekul's giving of such publicity. *Wal-Mart Stores, Inc. v. Lee*, 74 S.W.3d 634, 656 (Ark. 2002). Burney's complaint does not state that Kweekul publicized anything to the public. Accordingly, it fails to state a claim of false light.

## IV.   CONCLUSION

For these reasons, motion to dismiss [Doc. No. 19] is granted with regards to Burney's section 1983 claims against the board, section 1983 official-capacity claims for monetary damages against the board members, due process claims, and false light claim against Kweekul. The motion is denied on the remaining claims.

IT IS SO ORDERED this 12th day of April 2016.


_____
UNITED STATES DISTRICT JUDGE